UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL S. GORBEY,

    Plaintiff,

v.                                                                                                         Case No: 5:23-cv-429-WFJ-PRL

BRIAN J. DAVIS, et al.,

    Defendants.

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff Michael S. Gorbey's Civil Rights Complaint filed pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), (Doc. 1), in which he raises four conditions of confinement claims and two claims related to medical care.[1] Plaintiff also seeks leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Doc. 2).

Section 1915(g) of Title 28 limits a prisoner's ability to bring a civil action *in forma pauperis* under certain circumstances:

> (g)     In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

---

[1] The Complaint contains the following claims: (1) denial of access to court due to previous case being dismissed after judge found § 1915(g) exception did not apply; (2) denial of glaucoma treatment; (3) denial of protective custody; (4) complaint of "subhuman conditions"; (5) denial of prescribed medications related to his "persisting cough, runny nose and chest congestion" and the denial of certain medications while housed in the Special Housing Unit ("SHU"); and (6) tampering with mail. *See* Doc. 1 at 3.

>frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Consequently, courts have a responsibility to dismiss cases, even *sua sponte*, under 28 U.S.C. §1915(g). *See*, *e.g.*, *Casey v. Scott*, 493 F. App'x 1000, 1001 (11th Cir. 2012).

The Court takes judicial notice filings previously brought by Plaintiff that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Plaintiff is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). *See* Order (Doc. 4), *Gorbey v. Federal Bureau of Prisons, et al.,* Case No. 5:10-cv-309-CEH-GRJ (M.D. Fla. July 28, 2010) (finding that Plaintiff has previously been designated a three-strikes litigant). Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff broadly states that he is entitled to the imminent danger exception. Plaintiff's allegations involving the conditions of confinement claims are insufficient to show he is under imminent danger of serious physical injury. Plaintiff's complaints that he is being denied access to court due to previous case's dismissal pursuant to 28 U.S.C. 1915(g), his past interactions with inmates, being able to shower only once a week, harassing cell searches, and allegations of mail tampering do not meet this

standard. Allegations of "past harm is insufficient to meet the imminent-danger requirement." *Daker v. Robinson*, 802 F. App'x 513, 515 (11th Cir. 2020) (citing *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999)). Further, the allegations of imminent danger must be related to the crux of the claim. *Id*. (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("[T]he statute requires that the prisoner's complaint seek to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint.")).

Plaintiff's claims related to the denial of medical care present a closer call. We liberally construe and accept the allegations as true in *pro se* pleadings when determining whether the plaintiff falls within the imminent danger exception. *Mitchell v. Nobles*, 873 F.3d 869, 874 (11th Cir. 2017); *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). Here, Plaintiff claims that he suffers from "advanced stage" glaucoma that "threat[ens] total blindness." (Doc. 1 at 7). He states that he has gone approximately 26 months without any ophthalmology exams or pressure checks. *Id*. at 7–8. He further claims that he was prescribed ophthalmology care six months ago and is still waiting for that treatment. *Id.* However, Plaintiff undercuts his allegations of imminent danger by stating that "surgeries could blind him faster and drops and pills don't help him it's clear that (Gorbey's) advance condition requires he have medical marijuana." *Id*. at 9 (emphasis in original). Therefore, Plaintiff's claims are insufficient to meet the imminent danger exception because he claims that the treatment the Bureau of Prisons would provide would neither help his condition nor

prevent it from worsening.[2]

Finally, Plaintiff's claim related to being denied medication for his current illness–cough, runny nose, chest congestion–fails to meet the imminent danger exception. Any potential future harm is too speculative as Plaintiff admits that it "could turn" into something more serious. (Doc. 1 at 14).

It is now **ORDERED** and **ADJUDGED**:

1. This case is hereby **DISMISSED** without prejudice.
2. The Clerk of Court is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Tampa, Florida on July 31, 2023.

*William F. Jung*
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Pro Se Plaintiff
Counsel of Record

---

[2] The Court takes notice of *Feather-Gorbey v. Warden*, Case Nos. 5:21-cv-367; 5:21-cv-387; 5:21-cv-492 (S.D. W. Va.). There, the Court found "that the limited resources of this Court should not be further spent dealing with any future lawsuits by Petitioner against Government officials and staff of FCI Beckley regarding the alleged violation of . . . Petitioner's Eighth Amendment rights by denying him proper medical treatment for his glaucoma…" *See Feather-Gorbey v. Warden*, 2021 WL 6805882, at *2 (S.D. W. Va. Nov. 30, 2021) *rep. and recommendation adopted* 2022 WL 351674 (S.D. W. Va. Feb. 4, 2022) (enjoining Gorbey from filing any new civil action in the United States District Court for the Southern District of West Virginia relating to the deprivation of his constitutional rights through the alleged bias, prejudice, or collusion of government actors unless he first obtains leave of Court, pays the filing fee in full, or files through a licensed attorney)