UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL S. GORBEY,

    Plaintiff,

v.                                       Case No: 5:23-cv-429-WFJ-PRL

BRIAN J. DAVIS, et al.,

    Defendants.
_____

## ORDER

This cause is before the Court on Plaintiff's Motion to Reconsider, (Doc. 11), which seeks reconsideration of the Court's Order denying him leave to appeal *in forma pauperis* (Doc. 10). For the reasons set forth below, the Motion to Reconsider will be denied.

District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the

availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007).

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). "[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Id.* (quotation omitted). Stated differently, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted). To permit otherwise would "essentially afford[] a litigant two bites at the apple." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (quotation omitted).

In his Motion to Reconsider, Plaintiff repeats the claims in his Complaint. *See* Docs. 1 and 11. Plaintiff has failed to provide a basis upon which this Court should reconsider its Order.

Accordingly, Plaintiff's Motion for Reconsideration (Doc. 11) is **DENIED**.[1]

**DONE** and **ORDERED** in Tampa, Florida on April 15, 2024.

---

[1] Plaintiff's motion also seeks to renew his motion to appoint counsel, requests sanctions on "Defendants FBOP & the United States," and an "urgent" hearing on the merits. (Doc. 11 at 5–8). Upon due consideration, those requests are also **DENIED**.

2

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Pro Se Party